UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JULIE WERKHEISER,

                         Petitioner,
v.                                                          9:20-CV-0717
                                                                   (TJM)

AMY LAMANNA, Acting Superintendent, Bedford
Hills Correctional Facility,

                         Respondent.
_____

APPEARANCES:                                          OF COUNSEL:

JULIE WERKHEISER
Petitioner, pro se
16-G-0131
Bedford Hills Correctional Facility
247 Harris Road
Bedford Hills, NY 10507

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner Julie Werkheiser seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] On the same day the Court filed the petition, it also received the statutory filing fee. Dkt. Entry for Pet. dated 06/29/20 (indicating receipt information for the filing fee transaction).

For the reasons that follow, the petition is dismissed without prejudice, as premature, with leave to re-file once petitioner's claims have been fully exhausted and the state court

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

proceedings have concluded.

## II.   THE PETITION

Petitioner challenges a 2016 judgment of conviction in Tioga County, upon a jury verdict, of two counts of predatory sexual assault against a child.  Pet. at 1-2; *People v. Werkheiser*, 171 A.D.3d 1297, 1298 (3rd Dep't 2019).  The New York State Supreme Court, Appellate Division, Third Department, affirmed the judgment of conviction, and, on July 30, 2019, the New York Court of Appeals denied leave to appeal.  Pet. at 2-3; *Werkheiser*, 171 A.D.3d at 1306, *lv. denied*, 33 N.Y.3d 1109 (2019).

Petitioner also filed two different motions to vacate her conviction pursuant to New York Criminal Procedure Law § 440 ("440 motion").  The first was in August of 2017, arguing (1) "that material evidence adduced at the trial . . . was incomplete and/or false, [(2)] that improper and prejudicial conduct not appearing on the record occurred during the trial, and [(3)] that new evidence ha[d] been discovered since the entry of the judgment."  Pet. at 19.  The County Court denied the motion on May 23, 2018.  *Id.* at 19-32.  Petitioner sought leave to appeal the denial and the application was granted; however, in conjunction with her direct appeal, the Third Department affirmed the lower court's decision.  *Id.* at 33-34; *accord Werkheiser*, 171 A.D.3d at 1298.

Petitioner's second 440 motion was filed on June 3, 2020, in Tioga County Court.  Pet. at 4.  Petitioner contends she is entitled to relief because (1) there is newly discovered evidence; (2) she is actually innocent; (3) her counsel was constitutionally ineffective; (4) her conviction is premised on false testimony in violation of her due process rights; and (5) there was juror misconduct.  *Id.*  The motion is still pending.  *Id.*; *see also id.* at 10-11, 12, 16-18

2

(explaining that Grounds Four, Five, and Six of the present habeas petition are also the basis of the pending 440 motion).

Petitioner contends that she is entitled to federal habeas relief because (1) her conviction is supported by legally insufficient evidence (Pet. at 5-7); (2) the trial court erred in denying petitioner's request to put in certain proof (*id.* at 7-8); (3) there was a *Brady* violation (*id.* at 8-10); (4) her trial counsel was constitutionally ineffective (*id.* at 10-11); (5) she was convicted on false testimony (*id.* at 16-17); and (6) juror misconduct deprived petitioner of a fair trial (*id.* at 17-18). For a complete statement of petitioner's claims, reference is made to the petition.

## IV.    DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

Here, it is clear that petitioner has not exhausted her state court remedies because she has admitted as much: her second 440 motion is currently pending.  Pet. at 4, 12 (explaining that Grounds Four, Five, and Six are the basis of her 440 motion, which is still pending; therefore, the claims are unexhausted as they "have not been presented to the highest state court having jurisdiction.").  Moreover, petitioner's second 440 motion involves her claims of ineffective assistance of counsel, false testimony, and juror misconduct.  *Id.* at 4.  These claims are identical to the last three she has raised in the present petition.[2]  Accordingly, the Court agrees with petitioner's assertions that the highest state court capable of reviewing petitioner's ineffective assistance, false testimony, and juror misconduct claims has not yet had the opportunity to do so.  *See Brown v. Ercole*, No. 1:07-CV-2611, 2007 WL 2769448, at *1 (E.D.N.Y. Sept. 21, 2007) (explaining that tolling pursuant to the AEDPA occurs "while state post-conviction motions are pending. . . . Therefore, once the Court of Appeals issued its order denying leave to appeal, the *coram nobis* petition was no longer pending because no further state court remedies were available.").

There is no basis on the record before this Court to conclude that there is an absence of available state corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile).  28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).  Petitioner has state

---

[2]  Petitioner did not include a copy of her 440 motion.  Accordingly, the Court's only knowledge of the motion's specific content comes from a paragraph petitioner provided in her pending petition.  Pet. at 4.

court remedies available to her, and, by her own admission, is in the process of exhausting those remedies by pursuing her collateral attacks on her state court conviction. It is not futile to require her to complete exhaustion of her state court remedies before pursuing a federal habeas petition.

While petitioner's papers do not reflect her awareness that her petition was filed prematurely as a protective filing, to the extent that petitioner may be understood to request that this action be stayed and her petition held in abeyance, that request is denied. The Supreme Court has stated, in dicta, that a habeas petitioner "might avoid" the application of the statute of limitations resulting from "reasonable confusion" about the timeliness of a state filling "by filing a 'protective' petition in federal court and asking the federal court to stay and abey" the habeas proceedings. *Pace v. Diguglielmo*, 544 U.S. 408, 416 (2005); *see also Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (noting that a stay and abeyance may be warranted "where an outright dismissal" of a mixed petition "could jeopardize the timeliness of a collateral attack") (internal quotation marks omitted). However, *"Pace* suggests that whether a stay and abeyance is appropriate in a particular case is governed by the" considerations set forth in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). *Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017). Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust [her] claims first in state court" and (2) that [her] unexhausted claims are not "plainly meritless." 544 U.S. at 277.

Here, petitioner has not argued, much less established, that she had "good cause" for failing to exhaust her claims in state court before filing her petition. Petitioner does not appear to have any difficulty navigating through the state court for a direct appeal or

5

collateral attack. Pet. at 2-4. Moreover, petitioner has not demonstrated any difficulties pursuing the present habeas petition in this Court. Accordingly, it cannot be said that petitioner is expressing confusion about the state court appellate process or the trajectory of a habeas petition in federal court. *Cf Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether her claims were properly exhausted in state court) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)).

Additionally, it does not appear that a subsequent habeas petition, if necessary and if filed promptly after petitioner's claims are exhausted in state court, will be jeopardized by the statute of limitations. The AEDPA's one-year limitations period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.[3]

The New York Court of Appeals denied petitioner's application for leave to appeal on July 30, 2019. *Werkheiser*, 33 N.Y.3d at 1109. Petitioner did not file an application for a writ

---

[3] The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace,* 544 U.S. at 418). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

of certiorari, therefore, her conviction become "final" for purposes of the AEDPA ninety days later, on October 28, 2019, when the time to seek certiorari expired. *Thaler*, 565 U.S. at 149-150. Therefore, petitioner has until October 27, 2020, to timely file a federal habeas petition.

Petitioner's 440 motion is presently pending. If said motion is, as petitioner represents, properly filed, then it will serve to toll the limitations period. The second 440 motion was filed on June 3, 2020, after 219 days in the statute of limitations period had elapsed. Accordingly, for the period of time which the 440 motion is pending, the statute of limitations will be tolled. At the conclusion of the state court proceedings, petitioner will have approximately 136 days to re-file her habeas petition. Thus, petitioner should promptly re-file her petition when she has completed exhausting her claims in state court, as she has adequate time in which to do so.

Based on the foregoing, the petition is premature and is dismissed without prejudice to re-filing one complete petition once petitioner has pursued and exhausted all the claims she wants to raise in the state courts. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[4]

---

[4] The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[5]  Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: July 7, 2020

Thomas J. McAvoy
Senior, U.S. District Judge

---

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).